UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL MOODY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 08 CV 820 |
| v. | ) | (03 CR 318) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Gottschall |
| | ) | |
| Respondent. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S 28 U.S.C. § 2255
MOTION SEEKING TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Now comes the United States of America, by its attorney, PATRICK J.
FITZGERALD, United States Attorney for the Northern District of Illinois, and respectfully
submits this response to petitioner Darryl Moody's ("petitioner" or "Moody") Motion under
28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"). For
the reasons that follow, the Court should deny petitioner's Motion.

**BACKGROUND**

On July 10, 2003, a federal grand jury returned a four-count, superseding indictment
against Moody. Dkt. 25. Count One charged Moody with possession of a firearm by a felon,
in violation of 18 U.S.C. § 922(g)(1). *Id.* Count Two charged Moody with possession of a
machine gun, in violation of 18 U.S.C. § 922(o)(1). *Id.* Count Three charged Moody with
transport of a machine gun, in violation of 18 U.S.C. § 922(a)(4). *Id.* Count Four charged
Moody with transport of a stolen firearm, in violation of 18 U.S.C. § 922(I). *Id.*

Moody was convicted by a jury after a four-day trial.  Dkt. 36. The evidence at trial included two separate admissions, signed by petitioner and made after a search warrant lead to his arrest and the recovery of a fully automatic machine gun.  In the statements, Moody admitted that he stole the guns alleged in the indictment, knew them to be automatic weapons, and transported them to Chicago in order to sell them.  Among other things, Moody stated the following:

> Moody and another individual, Cornelius Smith, drove to the gun store intending to steal some guns.  Wearing a mask, Moody threw a brick through the front window, went into the store, and took a "MP5" machine gun, a MAC machine gun with silencer, a Glock machine pistol, and an AR-15 rifle.  Moody and Smith then split up the guns, with Moody taking the MP-5 and the Glock.
>
> About two weeks after the gun store burglary, Moody got into a shoot-out with "Baby G" and shot at "Baby G" with the Glock machine pistol.
>
> Moody later sold the Glock to another individual for $700 and an ounce of cocaine.
>
> On March 23, 2003, Moody traveled to Chicago with McBride and Davis to promote their rap group and to sell the MP-5 machine gun, for which Moody expected to get about $3,000 because "he heard people in Chicago could afford it."
>
> Moody said he knew the machine gun was automatic.

Trial Tr. 472, 488-92; Trial Ex. 5.

This Court  sentenced Moody to a term of 100 months' imprisonment on Counts One, Two, and Four, and to a term of 60 months' imprisonment on Count Three, to be served concurrently.  Dkt.  121.

Moody appealed his sentence and the Seventh Circuit affirmed on September 26, 2006.  *United States v. Moody*, 197 Fed. Appx. 501 (7th Cir. 2006).    Moody never

petitioned to the Supreme Court for Certiorari, and his time to file such a petition expired 90-days after the Seventh Circuit's decision, December 26, 2006.

On September 21, 2007, Moody filed what he styled as a "Application of petition for writ of assistance" under 28 U.S.C. § 2241, which he supported with a personal affidavit. Dkt. 139, 140.  In his submissions, Moody complained that in his transfer between BOP facilities he had lost his legal materials and asked this Court to allow him to proceed *in forma pauperis*.  This Court dismissed Moody's filing by written order and denied his petition to proceed *in forma pauperis* as moot.  Dkt. 141.  On November 15, 2007, Moody filed his motion for an extension of time to file  his Section 2255 Motion, arguing that the loss of his research and documents in his prison transfer prevented him from the ability to file the motion and that his time for such a filing should be equitably tolled.  Dkt. 143.  On February 4, 2008, this Court denied Moody's motion for an extension of time as premature, given that he had no motion of file to be equitably tolled.  Dkt. 144.  Moody filed the present motion three (3) days later on February 7, 2008.  This Court ordered the government to respond, and granted the government's request for an extension, ordering that the United States respond by May 7, 2008.

## **ARGUMENT**

Petitioner's Section 2255 Motion raises two arguments in support of his claim that his trial counsel offered ineffective assistance: (1) his trial counsel fell below the acceptable

standards of effective assistance (Motion 3);[1] and (2) his trial counsel had an actual conflict

of interest and that such conflict adversely affected his loyalty interest (Id.).

As set forth below, petitioner's Section 2255 Motion is untimely and equitable tolling

is not appropriate under the circumstances. In the alternative, petitioner's ineffective

assistance of counsel claims are without merit and his petition should be denied.

### I. Petitioner's Section 2255 Motion Is Untimely And Equitable Tolling Is Not Appropriate

Petitioner concedes that his Section 2255 Motion was filed after the statute of

limitations expired.[2] Motion at 8. Nevertheless, he claims that this case is an appropriate one

for equitable tolling because petitioner's legal research and documents were not transferred

with him when he moved from a Florida prison to a BOP facility in West Virginia. *Id*.

Petitioner appears to be under the mistaken belief that the statute of limitations for his 2255

Motion expired on October 18, 2007, which was one year after the order was issued from the

Seventh Circuit (Dkt. 139 at 2), rather than one year after his time for filing a petition for a

writ of certiorari expired, which was December 26, 2007.

---

[1] Throughout this brief, Petitioner's Section 2255 Motion is cited as "Motion" followed by the page number.

[2] Because no petition for writ of certiorari to the Supreme Court was filed, petitioner's conviction became final "when the time for filing a certiorari petition expire[d]," which was 90 days after the Seventh Circuit affirmed his conviction on appeal. *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005). Here, the Seventh Circuit affirmed the conviction on September 26, 2006, making his judgment of conviction final on December 26, 2006. As such under the one-year statute of limitations provided by 28 U.S.C. § 2255(f)(1), petitioner had until December 26, 2007 to file his Section 2255 Motion, but did not do so until February 7, 2008.

Equitable tolling "excuses a timely filing when the plaintiff could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597 (7th Cir. 1999). Use of this doctrine is "granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002). "Equitable tolling of the statute of limitations is such exceptional relief that the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004) citing *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003).

To support his argument, petitioner points to his "good faith" in moving for an extension of time "because of institutional and governmental denial of access to his legal papers, and trial transcripts, and being hindered by no fault of his own." Motion 8.[3] However, petitioner's support for his 2255 Motion relies wholly on an February 4, 2004 affidavit from his former fiancé concerning his trial counsel's representation and an August

---

[3]     This Court rightly denied petitioner's motion for an extension of time as premature. Petitioner's motion did not present a justiciable case or controversy for the Court to consider. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). As petitioner's limitation period had not yet expired, the Court had no justiciable issue before it and rightly left the adjudication of the timeliness of any potential motion by petitioner for the filing of such a motion. *See Ybarra v. Cockrell*, 2002 WL 1784422, *1 (N.D. Tex. 2002) (holding that there was no justiciable case or controversy to be decided by potential habeas petitioner's motion for extension of 1-year statute of limitations prior to the filing of any motion) (Ex. 1).

11, 2003 letter to his trial counsel from the Metropolitan Correctional Center concerning the representation of petitioner. Motion Exhibits. Even if petitioner's allegations about his loss of documentation are true, the factual information from these documents which he relies on was known to him long before the expiration of the statute of limitations for the present motion. Petitioner was well aware of the allegations that he believes support his Motion, and has shown himself very capable of drafting and accessing the Court with his filings and aware of the importance of the statute of limitations through his premature motion for extension. Dkt. 139, 140, 141, 143. Petitioner's transfer certainly did not prevent him from discovering the information necessary for the filing of this motion, as all of it was known to him long ago. Petitioner does not explain specifically why the loss of his paperwork prevented him from filing his motion.

Courts have rejected similar arguments from other prisoners asking for equitable tolling for their late filed motions due to prison transfers. *See United States v. Brittain*, 2002 WL 734768, *2 (10th Cir. 2002) (court held that prisoner's allegations were not sufficient to require equitable tolling where prisoner alleged that he was legally blind, transferred from one prison to another without his legal materials, and was housed in a prison without access to new materials)(Ex. 2); *Dolphin v. Garraghty*, 2001 WL 1450699, *3 (6t Cir. 2001) (court held that denial of equitable tolling would have been appropriate where prisoner complained that he was denied access to trial transcripts and legal research due to his prison transfer) (Ex. 3); *Lucero v. Suthers*, 2001 WL 912831, *2 (10th Cir. 2001) (rejecting prisoner's claim for

habeas equitable tolling where he was transferred from one prison to another and claimed he

was denied access to legal materials) (Ex. 4); *United States v. Gambini*, 2002 WL 1767418,

*3 (E.D. La. 2002) (loss of prisoner's legal work during prison transfer ten months after

judgment was not grounds to equitably toll late habeas filing) (Ex. 5).

Petitioner's Motion is similarly out of time.   As petitioner has not adequately

explained why he was prevented from filing the arguments he now advances, this Court

should also find that his motion was filed beyond the statute of limitations and should be

denied.  *See* 28 U.S.C. § 2255(f)(1).

## II.  Petitioner's Ineffective Assistance of Counsel Claims Are Without Merit

In the alternative, petitioner's ineffective assistance of counsel claims fail on their

merits.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must

show that: (1) his attorney's performance fell below an objective standard of reasonableness;

and (2) the deficient performance caused him prejudice.  *Strickland v. Washington*, 466 U.S.

668, 688, 694 (1984).  The inquiry under the performance component of the test is "highly

deferential" to counsel.  *Id*. at 689.  Counsel is presumed to have made reasonable strategic

judgments, and "there is a strong presumption that any decisions by counsel fall within the

wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99

(7th Cir. 2001) (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir. 1998)).

The second component of the *Strickland* test requires the petitioner to establish that

he was prejudiced by his counsel's deficient performance. *Strickland*, 466 U.S. at 692. This requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Petitioner must satisfy both prongs of the test in order to meet his burden, and a finding against petitioner on either prong ends the inquiry. *Id*. at 697. The Supreme Court in *Strickland* explained:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffectiveness claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

*Id*.

The record in the case is insufficient to support or substantiate petitioner's allegations concerning the performance of his trial counsel. The record in this case is clear, however, that petitioner's allegations do not demonstrate that he was prejudiced by his trial representation. Given the weight of the evidence presented against petitioner at trial - - including the automatic machine gun seized from petitioner and his two separate confessions admitting to its theft and his attempted sale of the gun - - none of the shortcomings alleged in petitioner's motion prejudiced the outcome of his trial.

Because of the overwhelming weight of the evidence against him, this Court should

deny petitioner's Motion.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny

petitioner Darryl Moody's Motion under 28 U.S.C. § 2255 Motion to Vacate, Set Aside or

Correct Sentence.


Dated: May 7, 2008                                  Respectfully submitted,

                                                    PATRICK J. FITZGERALD
                                                    United States Attorney

                                                    By:s/Stephen P. Baker
                                                       STEPHEN P. BAKER
                                                       Assistant United States Attorney
                                                       219 South Dearborn Street, 5th Floor
                                                       Chicago, Illinois 60604
                                                       312-353-1598

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, L.R. 5.5 and the General Order on Electronic Case Filing (ECF), the **Government's Response to Petitioner's Motion Under 28 U.S.C. § 2255 Seeking To Vacate, Set Aside, or Correct Sentence**, was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by United States Mail, postage prepaid, on May 7, 2007 to the following:

Darryl Moody
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, West Virginia
26525

By:s/Stephen P. Baker
STEPHEN P. BAKER
Assistant United States Attorney