Westlaw.

Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2002 WL 1784422 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1784422)**

C
Ybarra v. Cockrell
N.D.Tex.,2002.
Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas Division.
Daniel YBARRA, ID # 1016250, Petitioner,
v.
Janie COCKRELL, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.
No. CIV.A. 302CV1435L.

July 31, 2002.

Prisoner moved for an extension of time under statute for filing habeas petition. The District Court, Lindsay, J., adopted report and recommendation of William F. Sanderson, Jr., United States Magistrate Judge, and held that jurisdiction did not exist to consider the motion.

Petition dismissed.

West Headnotes

**Habeas Corpus 197 ⇌603**

197 Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(A) In General
            197k603 k. Laches or Delay. Most Cited Cases
Prisoner's **motion** seeking an **extension** of one-year **statute** of **limitations** for filing of habeas petitions sought an advisory opinion, rather than presenting a case or controversy, and thus, jurisdiction to consider the motion did not exist. 28 U.S.C.A. § 2244(d).

ORDER
LINDSAY, District J.
*1 Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On July 11, 2002, the Findings and Recommendation of the United States Magistrate Judge were filed. Petitioner filed his objections on July 26, 2002.

After an independent review of the pleadings, the record, the findings and conclusions of the magistrate judge, and the applicable law, the court concludes that the findings and conclusions are correct. Petitioner's objections are overruled. The court hereby accepts the findings and conclusions of the magistrate judge as those of the court. Accordingly, for the reasons stated in the magistrate judge's report, Petitioner's motion for an extension of time to file a federal habeas corpus petition is dismissed for want of jurisdiction.

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows:

*FINDINGS AND CONCLUSIONS:*

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner has filed a motion seeking an extension of time. He requests an extension of the one-year statute of limitations under 28 U.S.C. § 2244(d) for filing a habeas petition. He states that a petition for writ of certiorari from the order denying his art. 11.07 post-conviction application is presently pending before the United States Supreme Court. He also states that the delays in delivering his legal mail and inadequacies in the prison law library have denied him

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT
1

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 1784422 (N.D.Tex.)  
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1784422)**

Page 2

his constitutional right of access to he courts.

Petitioner's motion for an extension of time of the one-year statute of limitations does not present a case or controversy. *See Juidice v. Vail,* 430 U.S. 327, 331, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte* ); *see also U.S. v. One 18th Century Colombian Monstrance,* 797 F.2d 1370, 1374 (5th Cir.1986); *United States v. Cook,* 795 F.2d 987, 994 (Fed.Cir.1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not " 'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." ' *Cook,* 795 F.2d at 994 (quoting *Princeton University v. Schmid,* 455 U.S. 100, 102, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982)); *see also North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (A federal court does not have the power "to decide questions that cannot affect the rights of litigants in the case before them.").

Petitioner is requesting an advisory opinion. There is no adverse party before this court. Nor is there a concrete dispute for this court to decide. The motion for extension of time in essence asks the court to determine in advance whether the habeas corpus petition will be time-barred, if it is filed at some unspecified date in the future, and whether equitable tolling may be applicable to extend the limitation period. This court cannot grant the relief that Petitioner requests without offending the Constitution's case or controversy requirement.[FN1]

> FN1. The court cannot interpret Petitioner's motion as commencing a habeas corpus action. Rule 2(a) and (c) of the Rules Governing Section 2254 Cases provides that an application for writ of habeas corpus shall be in the form of a petition, which specifies each ground for relief that is available to the petitioner and the factual basis for each ground for relief. Petitioner's motion only requests additional time to file a petition and, thus, cannot be construed as the petition itself.

*RECOMMENDATION:*

**\*2** For the foregoing reasons, it is recommended that Petitioner's motion for an extension of time to file a federal habeas corpus petition be DISMISSED for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir.1996) (*en banc* ), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

N.D.Tex.,2002.  
Ybarra v. Cockrell  
Not Reported in F.Supp.2d, 2002 WL 1784422 (N.D.Tex.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.