Westlaw.

41 Fed.Appx. 246  
41 Fed.Appx. 246, 2002 WL 734768 (C.A.10 (Kan.))  
**(Cite as: 41 Fed.Appx. 246, 2002 WL 734768)**

Page 1

**H**  
U.S. v. Brittain  
C.A.10 (Kan.),2002.  
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)  
United States Court of Appeals,Tenth Circuit.  
UNITED STATES of America, Plaintiff-Appellee,  
v.  
Danny L. BRITTAIN, Defendant-Appellant.  
**No. 01-3365.**

April 26, 2002.

Federal prisoner moved to vacate, set aside, or correct sentence entered under his guilty plea to conspiracy to manufacture methamphetamine. The United States District Court for the District of Colorado denied motion as untimely, and denied request for certificate of appealability (COA). Prisoner appealed. The Court of Appeals, Seymour, Circuit Judge, held that: (1) motion to vacate was untimely; (2) district court's determination that equitable tolling did not apply to one year limitations period in which prisoner had to file motion was not abuse of discretion; (3) claim for denial of access to courts by prisoner, who was allegedly visually impaired, on basis that various prisons at which he was incarcerated did not provide adequate legal materials for visually impaired was properly brought as *Bivens* action, rather than as request for motion to vacate sentence; and (4) prisoner failed to state *Bivens* claim.

Affirmed.

West Headnotes

**[1] Criminal Law 110 ⟜1586**

110 Criminal Law  
   110XXX Post-Conviction Relief  
      110XXX(C) Proceedings  
         110XXX(C)1 In General  
            110k1586 k. Time for Proceedings. Most Cited Cases  
Under Antiterrorism and Effective Death Penalty Act (AEDPA), one year limitations period in which federal prisoner had to move to vacate, set aside, or correct sentence began to run when prisoner's judgment of conviction for conspiracy to manufacture methamphetamine became final. 28 U.S.C.A. § 2255.

**[2] Criminal Law 110 ⟜1586**

110 Criminal Law  
   110XXX Post-Conviction Relief  
      110XXX(C) Proceedings  
         110XXX(C)1 In General  
            110k1586 k. Time for Proceedings. Most Cited Cases  
District court did not abuse its discretion in determining that **equitable tolling** did not apply to one year limitations period in which federal **prisoner** had to file motion to vacate, set aside, or correct sentence, based on fact that **prisoner**, who was allegedly legally blind, did not demonstrate that he diligently pursued his claims and that his failure to timely file was caused by extraordinary circumstances beyond his control, e.g., his numerous prison **transfers** and fact that institutions he was incarcerated at did not have legal materials for visually impaired. 28 U.S.C.A. § 2255.

**[3] United States 393 ⟜50.10(3)**

393 United States  
   393I Government in General  
      393k50 Liabilities of Officers or Agents for Negligence or Misconduct  
         393k50.10 Particular Acts or Claims  
            393k50.10(3) k. Criminal Law Enforcement and Investigation; Prisoners' Claims. Most Cited Cases  
Claim for denial of access to courts by federal prisoner, who was allegedly visually impaired, on basis that various prisons at which he was incarcerated

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 2

41 Fed.Appx. 246                                                                                          Page 2
41 Fed.Appx. 246, 2002 WL 734768 (C.A.10 (Kan.))
**(Cite as: 41 Fed.Appx. 246, 2002 WL 734768)**

did not provide adequate legal materials for the visually impaired, was properly brought as *Bivens* action, rather than as request for motion to vacate, set aside, or correct sentence. 28 U.S.C.A. § 2255.

**[4] United States 393 €→50.10(3)**

393 United States
    393I Government in General
        393k50 Liabilities of Officers or Agents for Negligence or Misconduct
            393k50.10 Particular Acts or Claims
                393k50.10(3) k. Criminal Law Enforcement and Investigation; Prisoners' Claims. Most Cited Cases
Prisoner, who was allegedly visually impaired, failed to allege that he suffered actual injury from denial of access to courts based on fact that various prisons at which he was incarcerated did not provide adequate legal materials for visually impaired, as required to state *Bivens* claim.

**\*247** Before SEYMOUR, HENRY and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT [FN*]

    FN* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See*Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.SEYMOUR, Circuit Judge.

**\*\*1** Danny Brittain, a pro se federal prisoner, sued under 28 U.S.C. § 2255, challenging on various grounds his conviction and sentence under a guilty plea to conspiracy to manufacture methamphetamine. The district court concluded that the petition was not timely and that Mr. Brittain had failed to show circumstances justifying equitable tolling. The court denied Mr. Brittain's request for a certificate of appealability (COA). Mr. Brittain appeals and renews his request for a COA.

When, as here,

> **\*248** the district court denies a **habeas** petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Gibson v. Klinger,* 232 F.3d 799, 802 (10th Cir.2000). Both showings must be made and courts are "allow[ed] and encourag[ed] to first resolve procedural issues." *Slack,* 529 U.S. at 485, 120 S.Ct. 1595.

[1][2] Mr. Brittain's section 2255 petition is governed by AEDPA, which establishes a one-year limitation period for federal prisoners seeking **habeas** relief. *See*28 U.S.C. § 2255. It is undisputed that although Mr. Brittain's judgment of conviction became final no later than April 8, 2000, his section 2255 motion was not filed until June 18, 2001, well over one year later. In response to the government's assertion that his action was not timely, Mr. Brittain, who is allegedly legally blind, contended the limitation period should be equitably tolled because he was hindered in his attempt to file by numerous transfers between prisons after his incarceration and by the fact that none of the institutions to which he was transferred had legal materials for the visually impaired.[FN1]

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

41 Fed.Appx. 246    Page 3
41 Fed.Appx. 246, 2002 WL 734768 (C.A.10 (Kan.))
**(Cite as: 41 Fed.Appx. 246, 2002 WL 734768)**

> FN1. Mr. Brittain also contended that AEDPA's limitation period is an unconstitutional suspension of the writ of **habeas** corpus when applied to first **habeas** petitions. *See*U.S. CONST. art. I, § 9, cl.2. Although the district court did not address this argument, we have rejected it under circumstances substantially similar to those in this case. *See Miller v. Marr,* 141 F.3d 976 (10th Cir.1998).

"AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.' "*Gibson,* 232 F.3d at 808 (quoting *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998)). This equitable remedy is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,*531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001). Mr. Brittain has the burden of establishing that equitable tolling should apply. *See Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998) (refusing to apply equitable tolling because petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

The district court ruled that Mr. Brittain's allegations were insufficient to invoke equitable tolling here. The court concluded that transfers to and from various prisons were not exceptional circumstances and, while inconvenient, did not rise to such a level that they prevented Mr. Brittain from timely filing. The court also concluded that Mr. Brittain's allegations regarding the inadequacies of the available legal materials for inmates with visual impairments were likewise insufficient. Accordingly, the court declined to exercise its equitable powers to toll the limitation period.

**\*\*2** [3][4] We review a district court's decision with respect to equitable tolling for an abuse of discretion. *See Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999). "Equitable tolling, which is to be employed **\*249** only sparingly in any event, has been applied in the context of the AEDPA only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000) (citation and internal quotations omitted). "Moreover, a petitioner must diligently pursue his federal **habeas** claims...."*Gibson,* 232 F.3d at 808. Mr. Brittain's allegations, when measured against these standards, are not a sufficient basis for applying equitable tolling. Significantly, he has failed to demonstrate that he diligently pursued his claims. Indeed, he has not alleged that he even attempted to do so during the relevant period. Moreover, he has not explained in what way his prison transfers actually made it impossible for him to file on time, or to describe how the deficiencies in the legal materials available to him were inadequate in view of his visual impairment. *See, e.g., Miller,* 141 F.3d at 978. Accordingly, we conclude that the district court did not abuse its discretion in refusing to equitably toll the period.FN2

> FN2. Mr. Brittain also contends that the one-year period should be tolled during the time he was in state custody following his federal conviction because he was not "in custody under sentence of a [federal] court" for purposes of filing a section 2255 petition. *See*28 U.S.C. § 2255. However, section 2255 plainly provides that the one-year period shall run from the date the judgment of conviction becomes final regardless of a petitioner's custody status. Moreover, Mr. Brittain has failed to demonstrate that his transfers between state and federal custody made it impossible for him to timely file during the time he was in federal custody.
>
> Mr. Brittain also appears to assert a claim for denial of access to the courts on the basis of his allegation that the various prisons at which he was incarcerated did not provide adequate legal

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

41 Fed.Appx. 246
41 Fed.Appx. 246, 2002 WL 734768 (C.A.10 (Kan.))
(Cite as: 41 Fed.Appx. 246, 2002 WL 734768)

Page 4

    materials for the visually impaired. Such a claim is properly brought as a *Bivens* action rather than as a request for **habeas** relief under section 2255. Even if we were to construe this claim as a civil rights action under *Bivens,* however, Mr. Brittain has failed to allege actual injury as required by *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) ("an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."). The Court in *Lewis* made clear that the actual injury requirement applies to all inmates, even those with special needs. *See id.* at 356, 116 S.Ct. 2174.

Because we hold that there is no debatable issue as to whether the district court was correct in its procedural ruling, *see Slack,* 529 U.S. at 478, 120 S.Ct. 1595, we decline to consider whether Mr. Brittain's petition states a valid claim of the denial of a constitutional right. We DENY Mr. Brittain's request for a certificate of appealability and DISMISS the case.

C.A.10 (Kan.),2002.
U.S. v. Brittain
41 Fed.Appx. 246, 2002 WL 734768 (C.A.10 (Kan.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.