Westlaw.

27 Fed.Appx. 496                                                                                                                    Page 1
27 Fed.Appx. 496, 2001 WL 1450699 (C.A.6 (Mich.))
(Cite as: 27 Fed.Appx. 496, 2001 WL 1450699)

C

Dolphin v. Garraghty
C.A.6 (Mich.),2001.
This case was not selected for publication in the Federal Reporter.NOT RECOMMENDED FOR FULL--TEXT PUBLICATIONSixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)
United States Court of Appeals,Sixth Circuit.
Leo DOLPHIN, Petitioner-Appellant,
v.
David A. GARRAGHTY, Respondent-Appellee.
No. 00-1688.

Nov. 8, 2001.

State prisoner brought habeas petition. The United States District Court for the Eastern District of Michigan, Steeh, J., dismissed petition and prisoner appealed. The Court of Appeals, Thomas G. Hull, District Court Judge sitting by designation, held that: (1) statute of limitations began to run from date that conviction became final by conclusion of direct review, and (2) Court of Appeals would not consider equitable tolling claim.

Affirmed.

Guy, Jr., Circuit Judge, concurred and filed opin- ion.

Moore, Circuit Judge, dissented and filed opinion.

West Headnotes

[1] Habeas Corpus 197 €═>603

197Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(A) In General

            197k603 k. Laches or Delay. Most Cited Cases
One year statute of limitations, for filing of habeas corpus petition by state prisoner, under Antiterrorism and Effective Death Penalty Act (AEDPA), began to run from date on which conviction becomes final by conclusion of direct review, not date that all state post-conviction remedies become exhausted. 28 U.S.C.A. § 2244(d).

[2] Habeas Corpus 197 €═>816

197Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(D) Review
            197III(D)1 In General
                197k816 k. Presentation and Reservation in Lower Habeas Court of Grounds of Review. Most Cited Cases
Court of Appeals would not consider claim. by habeas petitioner, that one year statute of limitations for filing of habeas corpus petition by state prisoner, under Antiterrorism and Effective Death Penalty Act (AEDPA), should be equitably tolled during period petitioner was separated from his legal materials during transfer to another facility; there was no indication that district court considered claim, and it was highly fact intensive. 28 U.S.C.A. § 2244(d).

*497 On Appeal from the United States District Court for the Eastern District of Michigan.

Before GUY and MOORE, Circuit Judges; and HULL, District Judge.FN*

        FN* Hon. Thomas Gray Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

THOMAS G. HULL, District Judge.
**1 Petitioner Leo Dolphin appeals from a district court order dismissing his petition for the writ of habeas corpus under 28 U.S.C. § 2254 as time-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.



27 Fed.Appx. 496  
27 Fed.Appx. 496, 2001 WL 1450699 (C.A.6 (Mich.))  
**(Cite as: 27 Fed.Appx. 496, 2001 WL 1450699)**

Page 2

barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d). For the reasons which follow, we AFFIRM.

The relevant facts are undisputed. Petitioner Dolphin was convicted of one count of manslaughter, one count of armed robbery, two counts of assault with intent to rob while armed, and one count of felony-firearm. Following his appeal as of right, the Michigan Supreme Court denied his application for leave to appeal on January 30, 1996. On September 26, 1996, he filed a motion for relief from judgment in the trial court. After both the trial court and the Court of Appeals had denied him relief in these collateral proceedings, the Michigan Supreme Court again denied him leave to appeal on July 28, 1998. His petition for the federal writ of **habeas** corpus was dated April 20, 1999.

Whether or not this petition was timely, depends upon an interpretation of § 2244(d) of the AEDPA. This statute provides, in pertinent part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of **habeas** corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

On the basis of this limitations language, the Respondent moved for summary judgment, claiming that Mr. Dolphin's petition was untimely. The Respondent noted that the time to petition for certiorari with the United States Supreme Court had expired on April 30, 1996, 90 days after the Michigan Supreme Court had denied petitioner's *498 application for leave to appeal following his appeal as of right. According to the Respondent, the AEDPA statute of limitations began to run on that day but was tolled 148 days later, on September 26, 1996, when Mr. Dolphin signed and dated his motion for relief from judgment; it remained tolled until July 28, 1998, when the Michigan Supreme Court again refused to hear his claim. Assuming that the federal petition could be considered filed on the date Mr. Dolphin signed his petition for the writ of **habeas** corpus, April 20, 1999, the Respondent calculated that another 265 days of the limitations period had elapsed by that date for a total of 413 days-considerably more than the one year allowed by the AEDPA.

**\*\*2** In opposing the Respondent's motion, the Petitioner argued that the statute of limitations had not begun to run until after he had exhausted his state post-petition remedies, or that this exhaustion had revived the one-year period. According to this theory, the initial 148 days could be subtracted from the state's total of 413, and his federal petition would have been filed after the elapse of only 265 days.

Although the United States Court of Appeals for the Sixth Circuit had not then ruled on the issue, the district court agreed with the Respondent that the AEDPA statute of limitations is not tolled during the time between the final decision on direct appeal and the filing of the first state collateral challenge, nor is it re-started upon exhaustion of state court remedies. The district court calculated that, after he had exhausted his collateral attack upon his conviction, Mr. Dolphin still had 217 days, or until March 3, 1999, in which to file his federal petition. The petition was dated April 20, 1999, and was, accordingly, 47 days late. The Respondent was granted

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

27 Fed.Appx. 496                                                                                                              Page 3
27 Fed.Appx. 496, 2001 WL 1450699 (C.A.6 (Mich.))
**(Cite as: 27 Fed.Appx. 496, 2001 WL 1450699)**

summary judgment.

Petitioner moved to reconsider, re-arguing his original position. A few weeks later, he supplemented this motion with a new argument, not previously raised. In this supplement, he offered proof that on September 29, 1998, he had been transferred out of his Michigan prison to the Greensville Corrections Center in Jarratt, Virginia; that, through no fault of his own, his trial transcripts and other paperwork necessary to the preparation of his **habeas** corpus petition had been left behind; and that it was not until February 8, 1999, after a great struggle and with the help of family members and an attorney retained for this purpose, that he finally received his paperwork. He argued that the State of Michigan's failure to transfer his documents or timely respond to his requests amounted to a state impediment to the filing of his petition within the contemplation of 28 U.S.C. § 2244(d)(1)(B). This state impediment would justify the equitable tolling of 130 days of the limitations period and would mean that his petition had been timely filed.

The district court, apparently unaware of the supplement to the motion to reconsider, denied that motion because it presented the same issues already ruled upon. In granting a certificate of appealability, the district court cited a conflict among the district courts on the statute of limitations issue but, again, did not mention the equitable tolling argument.

In appealing to this Court, Petitioner Dolphin raises the statute of limitations issue ruled upon by the district court and also attempts to raise the equitable tolling argument which was not addressed below.

[1] The first issue has since been resolved by this court. In *Payton v. Brigano,* 256 F.3d 405(6th Cir.2001), we determined that the statute of limitations for state prisoners filing federal **habeas** petitions begins to run on the date on which their convictions become final by conclusion of direct review, not on the date when *499 all state post- conviction remedies have been exhausted. Accordingly, the district court correctly ruled that Mr. Dolphin's petition was untimely.

**3 [2] If the district court had been aware of the Petitioner's equitable tolling argument and had consciously declined to address it, this decision would be reviewed on an abuse of discretion basis. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998). And, because it offered evidence that had been available and well-known to the Petitioner at the time he filed his original opposition to the Respondent's summary judgment motion, it would not have been an abuse of discretion on the district court's part to deny reconsideration. *See Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119, 122-23 (6th Cir.1982).

However, in the instant case, there is nothing to suggest that the district court was aware of the supplement. Issues not litigated in the trial court are generally not appropriate for appellate consideration. And when the new issue requires or necessitates a determination of facts, as does this one, it is particularly inappropriate for the appellate court. *See Minger v. Green,* 239 F.3d 793, 801 (6th Cir.2001). Accordingly, we decline to reach the question of equitable estoppel based on Mr. Dolphin's enforced separation from his files.
RALPH B. GUY, JR., Circuit Judge, concurring.
I concur in the decision and write separately to clarify my view of petitioner's claim to equitable tolling as a result of a state impediment to the filing of his **habeas** petition under § 2244(d)(1)(B). Raised for the first time in Dolphin's supplement to his motion for reconsideration, the evidence on which the claim was based was not new but was known to him at the time the response to the motion for summary judgment was filed. I would find that the district court did not abuse its discretion by refusing to consider the tardy claim to equitable tolling.

I also do not believe that what occurred here falls within the tolling provision relied on by petitioner. First, there is no indication that the state had any

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

27 Fed.Appx. 496
27 Fed.Appx. 496, 2001 WL 1450699 (C.A.6 (Mich.))
**(Cite as: 27 Fed.Appx. 496, 2001 WL 1450699)**

Page 4

improper motive in not transferring the papers when Dolphin was transferred. The papers were apparently kept in a safe place and sealed. Second, as soon as Dolphin filed a proper request for the papers, they were sent to him. Third, Dolphin received the papers on February 8, 1999, and could have filed his *habeas* petition before the statute of limitations expired on March 3, 1999, even if he later felt he should amend his petition to better state his case. Finally, the "state action" that will toll the statute of limitations has to be "in violation of the Constitution and laws of the United States," and I am unable to conclude that the action of the state in retaining petitioner's papers until they were requested amounted to a violation of the constitution or any law.

MOORE, Circuit Judge, dissenting.
The majority refuses to consider Dolphin's equitable tolling argument on appeal because that issue was not litigated in the district court. This refusal fails, in my opinion, to appreciate that Dolphin actually raised this issue below, in a supplement to his motion to reconsider filed on May 5, 2000. The district court, however, denied Dolphin's motion to reconsider on May 9, 2000, without, it appears from the record, having taken the equitable tolling argument into account. Similarly, the district court failed to mention the equitable tolling issue in granting Dolphin a certificate of appealability.

**\*\*4** The majority correctly concludes that it would not have been an abuse of discretion for the district court to have denied Dolphin's motion, had that court been aware **\*500** of the equitable tolling argument raised for the first time in the supplement to that motion. After all, the facts supporting Dolphin's equitable tolling argument were known to Dolphin at the time the State moved for summary judgment based on the AEDPA statute of limitations, and thus the argument could have been raised at that time. But, on the other hand, had Dolphin's equitable tolling argument been before it, the district court might have exercised its discretion to grant Dolphin's motion. Given that the district court appears to have failed to exercise its discretion in this case, it is inappropriate for the members of this court to exercise, in effect, that discretion themselves. Thus, I think that we should remand to the district court to permit it to consider Dolphin's equitable tolling argument in the first instance.

For this reason, I respectfully dissent.

C.A.6 (Mich.),2001.
Dolphin v. Garraghty
27 Fed.Appx. 496, 2001 WL 1450699 (C.A.6 (Mich.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.