Westlaw.

16 Fed.Appx. 964                                                                                              Page 1
16 Fed.Appx. 964, 2001 WL 912831 (C.A.10 (Colo.)), 2001 DJCAR 4151
**(Cite as: 16 Fed.Appx. 964, 2001 WL 912831)**

C
Lucero v. Suthers
C.A.10 (Colo.),2001.
This case was not selected for publication in the Federal Reporter.Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Tenth Circuit Rule 32.1. (Find CTA10 Rule 32.1)
United States Court of Appeals,Tenth Circuit.
Dennis LUCERO, Petitioner-Appellant,
v.
John W. SUTHERS and Attorney General of the State of Colorado, Respondents-Appellees.
No. 00-1492.

Aug. 14, 2001.

State prisoner sought federal **habeas** relief. The United States District Court for the District of Colorado dismissed petition as untimely, and appeal was taken. The Court of Appeals, McKay, Circuit Judge, held that transfer of prisoner to Texas prison was not extraordinary circumstance warranting equitable tolling of one year statute of limitations for filing **habeas** petition.

Affirmed.

West Headnotes

**[1] Criminal Law 110 ⇌1077.3**

110 Criminal Law
   110XXIV Review
      110XXIV(F) Proceedings, Generally
         110k1077 Proceeding in Forma Pauperis
            110k1077.3 k. Representation by Counsel. Most Cited Cases
There is no constitutional right to counsel on discretionary appeals. U.S.C.A. Const.Amend. 6.

**[2] Habeas Corpus 197 ⇌603**

197Habeas Corpus

   197III Jurisdiction, Proceedings, and Relief
     197III(A) In General
         197k603 k. Laches or Delay. Most Cited Cases
**Transfer** of Colorado **prisoner** to Texas prison was not extraordinary circumstance warranting **equitable tolling** of one year statute of limitations for filing **habeas** petition, despite claim that **transfer** had deprived him of access to personal legal documents and Colorado legal materials. 28 U.S.C.A. § 2244(d)(1).

*964 Before SEYMOUR and McKAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

ORDER AND JUDGMENT [FN*]

   FN* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.McKAY, Circuit Judges.

**1 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. SeeFed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

State prisoner Dennis Lucero seeks to appeal from the dismissal of his 28 U.S.C. § 2254**habeas** petition. Petitioner pleaded guilty to second degree murder and aggravated robbery, for which he was sentenced to consecutive terms of thirty and sixteen years' imprisonment, respectively. Petitioner sought a writ of **habeas** corpus in the United States District Court for the District of Colorado, alleging that his due process and equal protection rights were violated because he was sentenced to consecutive rather than concurrent terms. The district court

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 4

16 Fed.Appx. 964　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
16 Fed.Appx. 964, 2001 WL 912831 (C.A.10 (Colo.)), 2001 DJCAR 4151
**(Cite as: 16 Fed.Appx. 964, 2001 WL 912831)**

denied the petition, holding that Petitioner had filed the petition well after the one-year statute of limitations under 28 U.S.C. § 2244(d) and had not shown the extraordinary circumstances *965 necessary to invoke an equitable tolling of the statute. The court subsequently denied Petitioner's Rule 59(c) motion to alter or amend the judgment, and further declined to grant a certificate of appealability required by 18 U.S.C. § 2253(c) to appeal the dismissal of a § 2254 petition. Petitioner then applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quotations omitted).

It is true that " § 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998). However, equitable tolling is available only in extraordinary or exceptional circumstances, and it has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnotes omitted). We have also indicated that actual innocence may be grounds for equitable tolling of the § 2244(d)(1) limitations period. *See Miller,* 141 F.3d at 978.

Petitioner does not allege that he filed a defective proceeding, was induced by misconduct, or is innocent of the charges brought against him. Instead, Petitioner claims that two circumstances demand equitable tolling: (1) his attorney allegedly failed to inform him that his motion for reconsideration was denied, which constituted ineffective assistance of counsel in violation of the Sixth Amendment; and (2) he was incarcerated in a Texas prison during the same time period without access to his personal legal documents and Colorado legal materials, which resulted in a denial of legal access in violation of the Fourteenth Amendment.

\*\*2 [1][2] Petitioner's claim of constitutional harm by the ineffective assistance of counsel regarding his motion for reconsideration fails because there is no constitutional right to counsel on discretionary appeals. *See Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Moreover, we do not consider that alleged ineffectiveness so extraordinary or prejudicial as to warrant equitable tolling. Regarding Petitioner's second argument, we have previously rejected a **habeas** petitioner's request for equitable tolling when the petitioner merely alleged that his transfer to another state's prison prohibited him from access to the relevant statutes and case law. *See Miller,* 141 F.3d at 978. Such transfers have become commonplace, and transferee facilities almost universally retain sufficient information to allow prisoners to submit **habeas** claims. Petitioner here, as in *Miller,* is unspecific about either the lack of access or how it affected his ability to file a timely petition. *See id.*

Following careful review of Petitioner's briefs, the disposition of the district court, and the record on appeal, we cannot say that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack,* 529 U.S. at 484, 120 S.Ct. 1595 (quotations omitted).

*966 Accordingly, we DENY Petitioner's request to proceed in forma pauperis on appeal, DENY him a certificate of appealability, and DISMISS the appeal.

C.A.10 (Colo.),2001.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

16 Fed.Appx. 964  
16 Fed.Appx. 964, 2001 WL 912831 (C.A.10 (Colo.)), 2001 DJCAR 4151  
**(Cite as: 16 Fed.Appx. 964, 2001 WL 912831)**

Page 3

Lucero v. Suthers  
16 Fed.Appx. 964, 2001 WL 912831 (C.A.10 (Colo.)), 2001 DJCAR 4151

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.