Westlaw.

Not Reported in F.Supp.2d                                                                                                                Page 1
Not Reported in F.Supp.2d, 2002 WL 1767418 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1767418)**

C
U.S. v. Gambini
E.D.La.,2002.
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
UNITED STATES of America
v.
Roberto GAMBINI
**No. CIV.A. 99-225.**

July 30, 2002.

Following conviction pursuant to his guilty plea to conspiracy under Racketeer Influenced and Corrupt Organizations Act (RICO), federal prisoner moved for postconviction relief. The District Court, Vance, J., held that: (1) claims were untimely under one-year limitations period of Antiterrorism and Effective Death Penalty Act (AEDPA), and (2) lack of access to law library, prison transfers, loss of legal papers, and other alleged impediments did not equitably toll period.

Motion for postconviction relief denied.

West Headnotes

**[1] Criminal Law 110 ⇒1586**

110 Criminal Law
   110XXX Post-Conviction Relief
      110XXX(C) Proceedings
         110XXX(C)1 In General
            110k1586 k. Time for Proceedings. Most Cited Cases
For purposes of one-year limitations period of Antiterrorism and Effective Death Penalty Act (AEDPA) on postconviction relief, federal prisoner's conviction became final ten days after court amended judgment to reflect that petitioner was entitled to credit against sentence for time served. 28 U.S.C.A. § 2255.

**[2] Criminal Law 110 ⇒1586**

110 Criminal Law
   110XXX Post-Conviction Relief
      110XXX(C) Proceedings
         110XXX(C)1 In General
            110k1586 k. Time for Proceedings. Most Cited Cases
Commencement of one-year limitations period on federal postconviction claims under Antiterrorism and Effective Death Penalty Act (AEDPA) was not delayed until federal prisoner was transferred to a facility with complete law library, under exception delaying commencement date until facts supporting claim could have been discovered with due diligence. 28 U.S.C.A. § 2255.

**[3] Criminal Law 110 ⇒1586**

110 Criminal Law
   110XXX Post-Conviction Relief
      110XXX(C) Proceedings
         110XXX(C)1 In General
            110k1586 k. Time for Proceedings. Most Cited Cases
Federal prisoner's alleged lack of access to an adequate law library did not warrant equitable tolling of one-year limitations period of Antiterrorism and Effective Death Penalty Act (AEDPA) on federal postconviction claims. 28 U.S.C.A. § 2255.

**[4] Criminal Law 110 ⇒1586**

110 Criminal Law
   110XXX Post-Conviction Relief
      110XXX(C) Proceedings
         110XXX(C)1 In General
            110k1586 k. Time for Proceedings. Most Cited Cases
Transfers to various penal institutions during one-year limitations period of Antiterrorism and Effective Death Penalty Act (AEDPA) on postconviction relief claims was not rare and exceptional circumstance that warranted equitable tolling. 28 U.S.C.A. § 2255.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 5

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 1767418 (E.D.La.)  
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1767418)**

Page 2

**[5] Criminal Law 110 ⇐1586**

110 Criminal Law
    110XXX Post-Conviction Relief
        110XXX(C) Proceedings
            110XXX(C)1 In General
                110k1586 k. Time for Proceedings. Most Cited Cases

Two months that federal prisoner spent in New Orleans for debriefing with government was not ground for equitable tolling of one-year limitations period on postconviction relief in Antiterrorism and Effective Death Penalty Act (AEDPA), absent any indication that debriefing prevented prisoner in some extraordinary way from timely asserting his rights. 28 U.S.C.A. § 2255.

**[6] Criminal Law 110 ⇐1586**

110 Criminal Law
    110XXX Post-Conviction Relief
        110XXX(C) Proceedings
            110XXX(C)1 In General
                110k1586 k. Time for Proceedings. Most Cited Cases

Pendency of requests under Freedom of Information Act (FOIA) to obtain information from Federal Bureau of Investigation and United States Customs Service did not equitably toll one-year limitations period on federal prisoner's postconviction relief claims under Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C.A. § 2255.

**[7] Criminal Law 110 ⇐1586**

110 Criminal Law
    110XXX Post-Conviction Relief
        110XXX(C) Proceedings
            110XXX(C)1 In General
                110k1586 k. Time for Proceedings. Most Cited Cases

Loss of federal **prisoner's** legal papers during prison **transfer** some ten months after his conviction became final was not ground to **equitably toll** one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA) on his post-conviction claims. 28 U.S.C.A. § 2255.

ORDER AND REASONS

VANCE, District J.

*1 Roberto Gambini moves for **habeas** corpus relief pursuant to 28 U.S.C. § 2255. The Court denies his motion because it is barred by the statute of limitations.

I. Background

On September 1, 1999, Gambini pled guilty to a violation of 18 U.S.C. § 1962(d) for conspiring to participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity.[FN1] On December 8, 1999, this Court ordered Gambini committed to the custody of the Bureau of Prisons to be imprisoned for a term of 66 months, followed by a three-year term of supervised release. The Court also ordered that Gambini pay a special assessment fee of $100. On December 21, 1999, the Court amended the judgment to reflect the fact that Gambini is to receive credit towards his sentence for the time in custody from his original arrest through the date of his sentencing. Gambini did not appeal his conviction or his sentence. On February 5, 2002, Gambini filed this motion for post-conviction relief under 28 U.S.C. § 2255 alleging (1) that the petition is not time-barred, (2) that Gambini had a valid defense of entrapment, (3) that the Court's refusal to grant Gambini a downward departure from the recommended range in the Sentencing Guidelines violates the equal protection clause of the United States Constitution, and (4) that Gambini's counsel was ineffective.

> FN1. As part of his plea agreement, Gambini agreed not to appeal or contest his sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255, except under limited circumstances. Record Doc. 16, Plea Agreement. Specifically, Gambini reserved the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2002 WL 1767418 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1767418)**

right to challenge (1) any punishment imposed in excess of the statutory maximum, and (2) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.*Id.*

II. Discussion

[1] Congress enacted a strict statute of limitations for **habeas** corpus proceedings as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").Section 2255 now provides:

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255.

As previously discussed, the Court entered judgment against Gambini on December 8, 1999. On December 21, 1999, the Court amended the judgment. A judgment becomes final upon expiration of the time during which the defendant may file notice of an appeal, regardless of whether the defendant actually files such notice. *See United States v. Gamble,* 208 F.3d 536, 537 (5th Cir.2000); *Brown v. United States,* 2000 WL 1042559, *1 (E.D.La.2000); *United States v. Cuero-Congora,* 1997 WL 346722, *1 (E.D.La.1997). Under F.R.A.P. 4, Gambini had ten days to file an appeal of the amended judgment, and he declined to do so. The amended judgment of conviction became final on January 4, 2000, or, ten days after it was entered. Thus Gambini's deadline to file a petition pursuant to § 2255 was January 4, 2001. Gambini failed to file such a petition until February 5, 2002, roughly 13 months after the deadline. Therefore, the Court finds that Gambini's petition must be dismissed as time-barred.

*2 [2] Gambini argues that the limitation period began to run not from the date on which the judgment of conviction became final, but instead from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."Gambini does not, however, point to a single fact supporting his claim that could not have been discovered through the exercise of due diligence.[FN2]Gambini relies entirely upon facts that were known to him prior to and at the time of his conviction. Indeed, the record reflects that he began work on his claim before October 2000 because that is when he says that he lost his legal work.

> FN2. Gambini notes that he was unable to conduct thorough legal research until April 2001, when he was transferred to a facility with a complete law library. Access to the law, however, has no bearing on Gambini's access to the facts.

Gambini also argues that his petition is saved from prescription by the doctrine of equitable tolling. The Fifth Circuit has held that the one-year limitations period of AEDPA is a statute of limitations that is not jurisdictional and therefore subject to equitable tolling. *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir.2002). The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."*Alexander v. Cockrell,* 294 F.3d 626,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 1767418 (E.D.La.)  
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1767418)**

Page 4

2002 WL 1277585, *2 (5th Cir.2002). It is permitted, however, only in "rare and exceptional circumstances." *Id.;Wynn,* 292 F.3d at 230. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."*United States v. Patterson,* 211 F.3d 927, 930 (5th Cir.2000)(quoting *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999)). The doctrine is allowed, for example, when a petitioner has been misled by the district court to believe that upon dismissing an earlier timely petition without prejudice the petitioner would be allowed to re-file at a later date. *Id.* at 932.

[3] Gambini presents a number of reasons why equitable tolling should apply to his claim. First, Gambini asserts that in several institutions he was denied access to an adequate law library. The Fifth Circuit has squarely held, however, that neither a prisoner's *pro se* status nor a prisoner's access to an adequate law library warrants equitable tolling. *Wynn,* 292 F.3d at 230;*Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000).

[4][5] Second, Gambini asserts that he deserves more time because he was transferred on a number of occasions from one institution to another. Transfers, however, are hardly "rare and exceptional" circumstances that warrant equitable tolling. Nothing in the record indicates that transfers restricted petitioner's ability to file a *habeas* petition on a timely basis. Third, and similarly, Gambini asserts that he spent two months in New Orleans for a debriefing with the government. Although a government debriefing is less common than a transfer, the record does not indicate that the debriefing prevented Gambini in some extraordinary way from asserting his rights in a timely fashion.

*3 [6] Fourth, Gambini states that on June 19, 2001, he submitted a request under the Freedom of Information Act ("FOIA") to obtain information from both the Federal Bureau of Investigation and the United States Customs Service. He made this request six months after the deadline for filing his **habeas** petition. When he filed his § 2255 petition, Gambini had received only a partial response from U.S. Customs and a total denial from the FBI. That Gambini ultimately filed his § 2255 petition before receiving responses to the FOIA requests is strong evidence that the pendency of the requests did not prevent him from filing the petition in a timely fashion. Moreover, the pending FOIA requests neither "actively misled" Gambini nor prevented him in some extraordinary way from asserting his rights. Indeed to allow the mere pendency of a FOIA request to equitably toll AEDPA's one-year prescription period would undermine the congressional objectives of AEDPA and invite a flood of pretextual FOIA requests. Finally, Gambini makes no credible showing why he did not file the FOIA request before prescription ran on his **habeas** claim.

[7] Fifth, and finally, Gambini asserts that in October 2000, ten months after judgment against him became final, his legal work was lost when he was transferred from Cornell Corrections in Big Spring, Texas to a facility in New Mexico. Gambini does not, however, explain why this event prevented him from filing the **habeas** petition on a timely basis. *See Akins v. United States,* 204 F.3d 1086, 1089 (11th Cir.2000)(declining to recognize misplaced legal papers as grounds for equitable tolling where inmate nevertheless had ample time to file a **habeas** petition). Moreover, even if the Court were to find this argument sufficient to equitably toll Gambini's claim for ten months from November 2000, which it does not, his claim would still be time-barred since it was not filed until February 5, 2002.

In summary, Gambini's petition pursuant to § 2255 was filed on February 5, 2002. The deadline for this petition was January 4, 2001. Gambini was neither actively misled nor prevented in some extraordinary way from filing his petition in a timely manner. Therefore, the petition must be dismissed as time-barred.

III. Conclusion

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1767418 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d, 2002 WL 1767418)**

Page 5

For the foregoing reasons, the Court denies Gambini's motion for post-conviction relief pursuant to § 2255 as time-barred.

E.D.La.,2002.
U.S. v. Gambini
Not Reported in F.Supp.2d, 2002 WL 1767418 (E.D.La.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.